UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHAD WOOD, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No. 3:24-cv-00087-RLY-CSW |
| | ) |
| WARDEN, | ) |
| | ) |
| *Respondent*. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Chad Wood has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [Filing No. 2.] He challenges a prison disciplinary proceeding in which he was found guilty of the offense of conspiring to traffic, resulting in a loss of 90 days of good-time credits and a demotion of one level of credit-earning class. [Filing No. 13-5 at 1.] For the reasons explained below, the disciplinary proceeding did not violate Mr. Wood's due process rights, so his Petition for a Writ of Habeas Corpus is **DENIED**.

**I.
LEGAL BACKGROUND**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

## II.
### FACTUAL BACKGROUND

On March 30, 2024, Officer Maria Clausen charged Mr. Wood with conspiracy to traffic, filing a Conduct Report that states as follows:

> On March 30, 2024, at approximately 12:22PM I Ofc. M. Clausen was at the OIC desk in C-Dorm when I was approached [by] offender Wood, Chad #109272 and asked, "Can you buy me a bag of coffee?" I then asked Offender Wood #109272 to repeat what he had asked to make sure I heard him correctly. Offender Wood #109272 then asked again "Can you buy me a bag of coffee?" I then replied, "No, why do you think I would buy you a bag of coffee?" Offender Wood #109272 then stated, "I had nobody else to ask and I figured you would buy me a bag." I advised offender Wood #109272 that I would not buy him a bag of coffee and informed him that his question was not appropriate. Offender Wood #109272 knows that staff members cannot buy offenders items as it would be trafficking and is illegal.
>
> By offender Wood #109272 asking me to buy him a bag of coffee, knowing it would be illegal for staff members to do[,] he was informed he would be receiving a conduct report for being in direct violation of Indiana Department of Correction, Adult Disciplinary Process Codes 111-A (Conspiracy/Attempting/Aiding or abetting) and 113-A (Trafficking) which states, "Attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense" and 113-A (Trafficking) which states, "Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee, or possessing an amount of contraband/prohibited property where intent to transfer may be inferred.

[Filing No. 13-1 at 1.]

Prior to Mr. Wood's disciplinary hearing, he requested access to video footage of the incident because he "want[ed] the DHO to review audio of the incident," but "[t]he camera system does not have audio recording capabilities," so his request was denied. [Filing No. 13-2 at 1.] The Respondent has submitted the requested video to the Court on an ex parte basis. [Filing No. 17 (CD filed ex parte with the Court).] On the Screening Report, Mr. Wood did not indicate he wished to call any witnesses. [Filing No. 13-2 at 1.] At the hearing, Mr. Wood did not make a statement, and based on the Conduct Report, he was found guilty. [Filing No. 13-5 at 1.] He was sanctioned

with a loss of 90 days of good-time credit and a demotion of one credit-earning class. [Filing No. 13-5 at 1.] Mr. Wood appealed internally and was denied at each level. [Filing No. 13-8 (disciplinary hearing appeal); Filing No. 13-9 (final reviewing authority).] He later filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. [Filing No. 2.]

## III.
## ANALYSIS

Mr. Wood argues that he was unlawfully denied a witness he wished to call and was unlawfully denied access to video evidence. [Filing No. 2 at 2-3.] The Court addresses each argument in turn.

### A.     Denial of Witness Testimony

Mr. Wood argues that he was "denied [his] right to one of [his] witnesses that [he] had called upon." [Filing No. 2 at 2.]

The Respondent states that Mr. Wood did not "request[] any witnesses," and that Officer Clausen "obtained a statement from" another incarcerated individual, who said only that Officer Clausen had given Mr. Wood "multiple write-ups." [Filing No. 13 at 7.]

Mr. Wood did not file a reply, but he did file a "Motion to Dismiss," which substantively appears to be a reply brief. [Filing No. 19.] In it, Mr. Wood argues that "the witness that was not entered in was a counselor named Ms. Lawe that [he] had requested." [Filing No. 19 at 3.][1]

The right to call witnesses extends only to "material exculpatory evidence." Jones v. Cross, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, see id., and it is material if disclosing it creates a "reasonable probability" of a

---

[1] Because Mr. Wood's "Motion to Dismiss" appears to be a reply brief, the Clerk is **DIRECTED** to re-name it on the docket as a reply and terminate its status as an outstanding motion. [Filing No. 19.]

different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The right is further limited in that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff*, 418 U.S. at 566).

In this case, Mr. Wood's Screening Report, which he signed, indicates he that he did not request to call any witnesses. [Filing No. 13-2 at 1.] In his Petition, he does not identify who a witness would be and what that witness might say. [Filing No. 2 at 2.] In his "Motion to Dismiss," Mr. Wood does not indicate who Ms. Lawe is and what she would say in his defense. [Filing No. 19 at 3.] The only witness statement appears to come from another inmate testifying against him, who stated that Mr. Wood "had been [written] up" and that Officer Clausen "had given him multiple warnings." [Filing No. 13-6 at 1.] Having called no witnesses and failed to identify any potential testimony, Mr. Wood has not demonstrated that his due process rights were violated. *Piggie v. Cotton (Piggie II)*, 342 F.3d 660, 666 (7th Cir. 2003) (finding no due process violation where petitioner failed to "indicate what [a witness's] testimony might have been or how it might have aided his defense.")

Mr. Wood is not entitled to habeas relief on the ground that he was unlawfully denied the opportunity to present witness testimony.

### B. Denial of Video Evidence

Mr. Wood argues that he was "denied [his] right to video review," which would have shown that he "did not conspire [with] the officer to participate in any illegal activity." [Filing No. 2 at 2.][2]

The Respondent argues that "[t]here was no error in denying the video because it did not have any audio that would have recorded [Mr.] Wood's conversation with Officer Clausen. And any error in denying the video evidence was harmless." [Filing No. 13 at 8.]

Mr. Wood did not file a reply.

In a prison disciplinary proceeding, a prisoner is entitled to "the disclosure of material exculpatory evidence," including video footage, "unless such disclosure would unduly threaten institutional concerns." *Piggie*, 344 F.3d 678. When video evidence is available, a court must "conduct[] an in camera review to evaluate whether the video was, in fact, exculpatory." *Id.* at 679. The Court has conducted an in camera review of the video footage. [Filing No. 17 (CD filed ex parte with the Court).] The video has no audio and is completely silent, so the conversation between Mr. Wood and Officer Clausen cannot be heard. [Filing No. 17.] As the Respondent has argued, the video is not exculpatory and was not improperly withheld.

Mr. Wood is not entitled to habeas relief on the ground that he was improperly denied access to video evidence.

---

[2] In direct contradiction to this argument, Mr. Wood argues, apparently in the alternative, that "there is not even a camera above the OIC desk" or "one at the time of the accusation" against him. [Filing No. 2 at 3.] This argument is also meritless since the Respondent has, in fact, filed the video with the Court. [Filing No. 17.]

## IV.
### Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Wood to the relief he seeks. Accordingly, Mr. Wood's Petition for a Writ of Habeas Corpus, [2], is **DENIED** and the action **DISMISSED**. The Clerk is **DIRECTED** to re-name Mr. Wood's Motion to Dismiss [19] on the docket as a reply brief and terminate its status as an outstanding motion. Final Judgment consistent with this Order shall issue.

Date: 10/22/2024

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHAD WOOD
109272
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov